**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 98-4590

ERNIE RAY HOLLEY,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Huntington.
Robert J. Staker, Senior District Judge.
(CR-98-40)

Submitted: March 25, 1999

Decided: April 2, 1999

Before WILKINS and MOTZ, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

George A. Mills, III, Huntington, West Virginia, for Appellant.
Rebecca A. Betts, United States Attorney, Miller A. Bushong, III,
Assistant United States Attorney, Charleston, West Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Ernie Ray Holley pled guilty to conspiracy to possess cocaine and marijuana with intent to distribute, <u>see</u> 21 U.S.C. § 846 (1994), and was sentenced to a term of ninety-seven months imprisonment. He appeals this sentence, alleging that the district court clearly erred in finding that he possessed firearms during the offense and making a two-level enhancement under <u>U.S. Sentencing Guidelines Manual</u> § 2D1.1(b)(1) (1997). We affirm.

Between 1988 and 1997, Holley bought cocaine and marijuana in Florida and arranged to have the drugs transported to West Virginia where he sold them. He also grew marijuana on his farm in West Virginia in the mid-1990's. On May 15, 1997, after confidential informants made a series of drug purchases from Holley at his farm, agents from two area task forces investigating drug offenses and firearms offenses executed a search warrant at Holley's residence and seized marijuana, $12,000 in cash, and fourteen firearms, including rifles, shotguns, pistols, and revolvers. When Holley was detained, he had eight grams of cocaine in his pocket. Most of the firearms were in a safe located in Holley's bedroom. Holley told the agents he could not open the safe, but his wife opened it.

Section 2D1.1(b)(1) provides for an increase in the offense level when the defendant possessed a dangerous weapon during commission of a drug offense. The enhancement should be made whenever a weapon was present, "unless it is clearly improbable that the weapon was connected to the offense." <u>See</u> USSG § 2D1.1, comment. (n.3). If weapons are found in a place where a drug conspiracy is carried on, the enhancement will apply unless the defendant can "show that a connection between his firearms possession and his narcotics offense was `clearly improbable.'" <u>United States v. Harris</u>, 128 F.3d 850, 853 (4th Cir. 1997). Here, Holley argued that the enhancement

2

should not apply because most of the weapons were in the safe and none were in the rooms where Holley made his drug sales.* We find that these facts are not sufficient to demonstrate the clear improbability of a connection between the firearms and the drug dealing. Therefore, the enhancement was not clearly erroneous.

Accordingly, we affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____
*Defense counsel also argued that no grand jury witness testified that Holley ever used a firearm in his drug dealing. However, Robert S. Johnson testified before the grand jury that Holley had $35,000 cash and a pistol in a paper bag on a trip to Florida in 1994 which was made ostensibly to go fishing. The grand jury transcript was available to the probation officer but this incident was not included in the presentence report.

3